## RUNNER, ASSIGNEE, v. DWIGGINS.

[No. 18,044. Filed March 11, 1897.]

BANKS AND BANKING.—*Insolvent Bank.*—*Stockholders' Double Lia-
bility.*—*Assignee for Benefit of Creditors Cannot Maintain the Ac-
tion to Enforce.*—The assignee of an insolvent bank cannot main-
tain an action to enforce the double liability of shareholders pro-
vided by section 2933, Burns' R. S. 1894 (2684, R. S. 1881), such
action being enforceable only by the creditors.

From the Lake Circuit Court. *Affirmed.*

*Walter Olds, Charles F. Griffin, G. P. Haywood*
and *C. A. Burnett,* for appellant.

*Frank Foltz, H. R. Kurrie* and *Elliott & Elliott*
and *S. P. Thompson,* for appellee.

JORDAN, C. J.—The Commercial Bank of Oxford, In-
diana, is a bank of discount and deposit, organized
and incorporated under the statutes of this State.
Section 2921, Burns' R. S. 1894 (2684, R. S. 1881). On
the 19th day of May, 1893, being in an insolvent condi-
tion, it made a voluntary assignment to appellant
under the statutes authorizing an embarrassed debtor
to make a general assignment of all his property in
trust for all of his *bona fide* creditors. Appellee is one

of or control it in any manner. They cannot collect
it by an assessment upon the shareholders; nor can
they assign it to a trustee for the benefit of creditors,
though the corporation be insolvent."

Judge Thompson in his Commentaries on Corpora-
tions in the section cited says:

"It may be stated, as a general rule, that statutes
making stockholders *individually liable* to creditors,
independently of what they owe the corporation on
account of their stock, create a right following di-
rectly from the stockholders to creditors. The sums
thus secured to creditors form no part of the assets of
the company, but are a supplemental or superadded
security for the benefit of creditors. An attempted as-
signment of this security is therefore inoperative. No
action to enforce such liability can be brought by a
receiver or assignee of the corporation; such an action
amount be brought by one or more of the creditors."

Look on Stockholders in the section to which we
have referred the author says:

"The statutory liability of the stockholder is created
exclusively for the benefit of the corporate creditors.
It is not to be numbered among the assets of the cor-
poration, and the corporation has no right or interest
in it. It cannot enforce it by an assessment upon the
shareholders. Nor can the corporation upon the in-
solvency assign it to a trustee for the benefit of cred-
itors."

In the case of *Jacobson, Rec.*, v. *Allen, supra*, in the
course of the opinion of the court, it is said:

"Numerous authorities recognize the right of a re-
ceiver or assignee in bankruptcy to sue for the recov-
ery of unpaid stock, but in these cases the corporation
could have maintained the action. So, also, the right
of such an officer is maintained to recover assets of

the corporation which the corporation could not have recovered, because it would have been estopped from asserting its own fraudulent or illegal conduct in the disposition of the assets. These authorities fall short of the present point. The receiver of an insolvent corporation makes his title through the corporation. He cannot through his appointment acquire that which the corporation never had. He represents the creditors of the corporation in the administration of his trust, but his trust relates only to the corporate assets. As trustee for creditors he represents them in following the assets of the corporation, and can assert their rights in cases where the corporation could not have been heard. He is not a trustee for creditors in relation to assets which belong to them individually, or as a body. * * * Neither a receiver, an assignee in bankruptcy, nor an assignee under a voluntary general assignment for the benefit of creditors, each of whom represents creditors as well as the insolvent, acquires any right to enforce a collateral obligation given to a creditor or to a body of creditors by a third person for the payment of the debts of the insolvent."

In *Farnsworth* v. *Wood, supra,* which was an action by a receiver to enforce against stockholders of a corporation the personal liability to creditors imposed by the statute of the state of New York, Rapallo, J., speaking for the court said:

"The liability does not exist in favor of the corporation itself, nor for the benefit of all its creditors, but only in favor of such creditors as are within its prescribed conditions. * * * The rights of certain creditors to prosecute their claims against certain of the stockholders never were the property of the corporation, nor rights of action vested in it, nor is there

any provision of the statute, which transfers these rights of action from the creditors to the receiver."

The contention of appellant that the rule which denies the right of a receiver of a corporation to enforce the statutory liability against a stockholder is not applicable to an assignee is without force and can not in reason be maintained. In this respect the rights of an assignee under the assignment are not enlarged over those of a receiver. It is true that either an assignee or receiver of an insolvent corporation, may enforce the collection of unpaid stock subscription and set aside fraudulent conveyances of property made by the corporation. The very object of the law in awarding him this right is to enable him to reach and convert to the payment of the debts of the concern what the law regards as its assets for that purpose.

It is true, under a well recognized rule, the corporation itself will not be permitted to successfully assail its own fraudulent conveyance, or disposition of its assets. Its property so conveyed, however, in the eye of the law is still regarded as assets, so far as creditors are concerned, and may be reached as such, for their benefit by an action instituted by an assignee or receiver to set aside such fraudulent conveyances. But the liability provided by the statute against the stockholders, is not, as we have seen, considered as an asset or right of the corporation, and, therefore, does not in any manner pass to or vest in the assignee by virtue of the assignment, hence the authorities which sustain the right of the assignee to assail a fraudulent disposition by the corporation of its assets, do not support appellant's contention in regard to his right to recover in the case at bar. The authorities which deny the right of a receiver to enforce the liability in question,

are in reason, we think, equally applicable to an assignee of an insolvent corporation.

We are of the opinion that this action cannot be maintained by appellant and the demurrer was, therefore, properly sustained.

Judgment affirmed.