(No. 20565.—

JAMES H. HOOPER, Plaintiff in Error, *vs.* THOMAS J. TAL-
BOT *et al.* Defendants in Error.

*Opinion filed April 23, 1931.*

JAMES H. HOOPER, *pro se.*

Mr. JUSTICE ORR delivered the opinion of the court:

This is a suit brought to compel the bailiff of the munici-
pal court of Chicago, by a mandatory injunction, to issue
a bailiff's deed to James H. Hooper, who was the purchaser
of certain real estate at an execution sale in Chicago. The
action was begun in the superior court of Cook county.
Upon a dismissal of the bill for want of equity Hooper
took the case by writ of error to the Appellate Court, and
the cause was then transferred to this court because it in-
volved a freehold.

From the record it is disclosed that a judgment creditor to the amount of $150 had a transcript of his judgment filed with the circuit clerk of Cook county on August 19, 1927, thus establishing a lien against the real estate in question. Subsequently the judgment debtor conveyed this real estate to Anna Knox. Following this conveyance to Mrs. Knox, Hooper bought in the property at an execution sale on June 13, 1928, and paid the judgment and costs. On September 14, 1929, after waiting for the fifteen months' redemption period to expire and no redemption having been made, Hooper tendered to the defendant Snow, the municipal court bailiff who made the sale, his certificate of purchase and two dollars and demanded a deed. Snow refused on the ground that defendant Talbot, who was a judgment creditor of Mrs. Knox, had redeemed the property for the sake of his own judgment. By his amended bill Hooper alleged that Mrs. Knox and Talbot had conspired together with intent to prevent his securing a deed to the property. He averred that without any consideration or valid indebtedness existing, Mrs. Knox executed and delivered a judgment note, payable on demand, to Talbot for $1000, on which the latter secured a judgment by confession on September 13, 1929, in the municipal court of Chicago. His bill further charged "that said court did not enter a judgment thereon on September 13, 1929, or at any other time, and there is no judgment remaining of record in said court; * * * that the attempt of said Knox and Talbot to secure a judgment thereon was abortive and of no effect whatever, and that any judgment that might have been entered thereon would have been absolutely void for want of a valid indebtedness * * * and was a scheme entered into * * * for the sole purpose of creating a judgment creditor by whom she could effect a redemption of her land." Both defendants answered the bill, averring that the judgment was regularly entered on September 13, 1929, upon a valid and existing indebted-

ness; that a redemption was regularly made on this judgment; that the redemption money was deposited and a re-sale had, and that the only interest of complainant was to receive the redemption money. They denied that the execution was not based upon any judgment remaining of record in the municipal court and denied that complainant was entitled to any relief. The decree of the trial court dismissing the bill for want of equity and its failure to find that no judgment had been entered of record in favor of Talbot are assigned as error.

From a consideration of the issues raised by the pleadings we must conclude that the superior court was right in dismissing the bill. The proof presented by the certificate of evidence in no way tends to support the allegations of the bill. The chief contention of the complainant is that no valid judgment had been entered of record in the municipal court as the basis for an execution in favor of Talbot; and further, that no judgment remained of record in favor of Talbot against Mrs. Knox. These are negative averments, and it is contended that inasmuch as the defendants answered, saying there was such a judgment, the facts to be proved were matters peculiarly within the knowledge of the defendants. The argument then proceeds upon the theory that because the defendants did not prove their affirmative allegations the negative averments prevail that there was no judgment. This position is untenable under the existing facts and pleadings. It must be conceded that the general rule is that where the subject matter of a negative averment lies peculiarly within the knowledge of the defendant, the averment, unless disproved by the defendant, will be taken as true. (*People* v. *Montgomery,* 271 Ill. 580; *Kettles* v. *People,* 221 id. 221; *Williams* v. *People,* 121 id. 84; *Noecker* v. *People,* 91 id. 468.) But that rule does not apply here, as the knowledge of the existence of the judgment secured by Talbot was not peculiarly within the knowledge of the defendants. The records of the

municipal court are public records, open and accessible to all. The allegation of Hooper that no judgment had been secured and none then existed is negative and goes to the vitals of his case. His pleadings are paradoxical. His bill first alleges that such a judgment was obtained and later alleges that no such judgment was entered at any time. The tenor of his argument would make the defendants prove a case for him against themselves.

When a negative averment is pleaded no hard and fast rule can be readily laid down to determine upon which party the burden of proof lies. Each case must depend upon its own peculiar circumstances. Where it is as easy for the plaintiff to prove the negative as it is for the defendant to disprove it, then the burden of proof must rest upon the plaintiff. In a case often cited on this subject (*Great Western Railroad Co.* v. *Bacon,* 30 Ill. 347,) this court held: "When the means of proving the fact are equally within the control of each party then the burthen of proof is upon the party averring the negative; but when the opposite party must from the nature of the case be in possession of full and plenary proof to disprove the negative averment and the other party is not in possession of such proof, then it is manifestly just and reasonable that the party thus in the possession of the proof should be required to adduce it, or upon his failure to do so we must presume it does not exist." This same language was subsequently quoted with approval by this court in *Abhau* v. *Grassie,* 262 Ill. 636, and by the United States Supreme Court in *United States* v. *Denver and Rio Grande Railroad Co.* 191 U. S. 107.

Since the means of proving the principal fact in controversy were equally at the command of either party, the burden of proof in the case at bar was upon the complainant to prove the negative averments which he had made in his bill. This he failed to do. Therefore the decree of the superior court of Cook county dismissing the bill is affirmed.

*Decree affirmed.*