(No. 24100.—

FRANK BURKET *et al.* Appellants, *vs.* THE RELIANCE BANK AND TRUST COMPANY *et al.*—(WALTER S. CORBLY *et al.* Appellees.)

*Opinion filed October 15, 1937.*

CLYDE L. DAY, SEYFARTH & ATWOOD, and LEONARD & LEONARD, (KARL EDWIN SEYFARTH, and BENTON ATWOOD, of counsel,) for appellants.

EDMUND D. ADCOCK, and JOHN W. DAY, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants seek reversal of the orders of the superior court of Cook county approving an arrangement whereby Martin T. O'Brien, as receiver of the Reliance Bank and

Trust Company, agreed to accept from Walter S. Corbly $1000 in full satisfaction and compromise of his liabilities as a stockholder in that bank, whereas a decree of $20,000 and costs had been entered against him by that court in a creditor's suit against stockholders. The court also approved a like arrangement between O'Brien and appellee Rubin Rappeport, whereby the sum of $1400 was agreed to be accepted as Rappeport's liability as a stockholder under a decree against him in the same suit for $2000 and costs. Appellants are the plaintiffs who filed the suit on behalf of themselves and all other creditors of the Reliance Bank and Trust Company to enforce the liabilities of stockholders of the bank under section 6 of article 11 of the constitution of this State and section 11 of the Banking act.

On August 10, 1936, a decree was entered fixing the liability of the bank's stockholders, among whom were Corbly and Rappeport, as above mentioned. They were directed to pay the judgment and costs to O'Brien as receiver. On November 2, 1936, Corbly filed an unverified petition in the court in which the proceedings were had, alleging insolvency and praying for a compromise of his liabilities under the decree. On November 17 the court, without any judicial hearing and without the introduction of evidence, entered an order finding Corbly to be insolvent and approving the compromise of his liabilities for the sum of $1000. On that same day, and, so far as the record shows, prior to the entry of the order, appellants, by leave of court, filed their answer under oath, denying Corbly's insolvency and averring the court was without jurisdiction to authorize the receiver to compromise Corbly's liability, which had been determined by the decree of August 10, without the consent of appellants, for themselves and as representatives of creditors of the bank. It was further in that answer alleged that, if section 11 of the Banking act be construed as giving to a court or receiver power to compromise the liability of a stockholder against whom a decree had

been entered, that section violates the constitution of this State and of the United States, in that it deprives appellants and all other creditors of the bank of their property without due process of law and unreasonably discriminates against them.

On December 4, 1936, appellee Rappeport filed his petition praying a compromise of his liabilities. No allegations of insolvency appeared in the petition, yet, on the same day the petition was filed, without answer from any creditors and without hearing of evidence, the court entered an order approving the compromise and discharging the liability of Rappeport upon the payment of the sum of $1400.

The appeal from these orders is taken to this court because, as it is claimed, a question of the validity of a clause of section 11 of the Banking act is involved. Other grounds also are, that the court had no jurisdiction to enter the orders approving the compromises because a period of more than thirty days had elapsed after the entry of the decree of August 10, and the court had lost all jurisdiction except for the purpose of providing for the enforcement of the decree. It is also argued that section 11 of the Banking act does not authorize satisfaction of liability under a decree by the payment of a sum less than the amount found due to the creditors of the closed bank, and that the action of the trial court was erroneous even though section 11 of the Banking act is valid and applicable, for the reason that no hearing, and no determination of the question of fact concerning the insolvency of Corbly or Rappeport, was had.

Appellees contend that this cause should be transferred to the Appellate Court because they say there is no constitutional question properly raised in the trial court or which is here debatable. It appears, however, that in the Corbly matter, appellants, by their answer as plaintiffs, attack the constitutionality of the act as sought to be applied by the petition, and so the question is properly here as

affecting that order. (*Moses* v. *Royal Indemnity Co.* 276 Ill. 177.) In the Rappeport matter, appellants were given no opportunity to raise objection of any kind in the trial court. Where the question of the constitutionality of an act does not arise until after the judgment complained of is entered, the question is open for review here. (*Christy* v. *Elliott,* 216 Ill. 31; *Wolf* v. *Hope,* 210 id. 50; *Shepherd* v. *City of Sullivan,* 166 id. 78.) While it is true section 11 of the Banking act has been before this court on numerous occasions and its constitutionality considered, yet the particular clause here involved was not in those cases passed upon. The cause is properly here. However, there are other objections to the orders entered. They will be first considered.

Section 11 of the Banking act, (State Bar Stat. 1935, chap. 16a, p. 161,) in so far as is material here, provides that any creditor or creditors of the bank may, by bill in equity in the nature of a creditor's bill, brought in behalf of himself and all other creditors of the bank, against the stockholders of the bank, have determined the liability of such stockholders under section 6 of article 11 of the constitution. That section provides: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder." Section 11 of the Banking act also provides for the appointment of a receiver for the collection of the amounts due from the stockholders. The following provision of that section is the one complained of here: "Said receiver shall have authority upon the order of the court appointing him to employ such auditors and assistants as may be necessary to establish and recover the liabilities of the stockholders, and may, with the approval of the court, enter into compositions with insolvent stockholders, if any."

The first question to be considered here is whether, conceding this clause of section 11 to be valid, the orders of the superior court can be sustained. A receiver appointed by the court in such a case is but an officer of that court for collecting, receiving and disbursing amounts due from stockholders. He is not a party to the litigation brought by the creditors of the bank and has no control over that litigation. He is, in fact, a stranger to it. The suit to establish the liability of the individual stockholder is a suit of the creditors and theirs alone, and they have a right to pursue their own remedies in regard to their own individual property. After the liability of each individual stockholder is established by a decree entered in the suit, the money which is collected belongs to the creditors. (*Golden* v. *Cervenka,* 278 Ill. 409.) The stockholders' liability is not one to the bank but to the creditors and the creditors, either alone or by representative suit, are the only ones who can enforce the liability by such remedies as the law affords. (*Golden* v. *Cervenka, supra; Wincock* v. *Turpin,* 96 Ill. 135; *Runner* v. *Dwiggins,* 147 Ind. 238, 46 N. E. 580; *Colton* v. *Mayer,* 90 Md. 711.) Regardless of whether the clause here under consideration grants to the receiver and courts power to control the property rights of the individual creditors which transcends constitutional limitations, it is evident that any proceeding by which approval of an official act is sought contemplates notice to the parties in interest, a hearing of evidence and a determination of the essential facts upon which the exercise of the power rests. These are essential to due process of law. Here nothing of that sort was done. In the Rappeport matter the petition contained no allegation that the petitioner was insolvent. No attempt was made to determine that question and no hearing was had. While in the Corbly petition there was an allegation of insolvency, the petition was not under oath and a verified answer of the plaintiffs thereto, calling for strict proof of the fact of the insolv-

ency of Corbly, was filed. Yet, in this condition of the record, the court entered the orders complained of without requiring the production of any evidence or the testimony of any witness to justify the finding of fact that either of the petitioners was insolvent.

Due process contemplates, as an essential, not only notice but an opportunity to be heard and to give evidence. It is of no avail if one be summoned to a court and the issues determined against him without the hearing and determination of questions of fact. (*Hultberg* v. *Anderson,* 252 Ill. 607; *Fayerweather* v. *Ritch,* 195 U. S. 276, 49 L. ed. 193.) Here the orders were entered on the petitions of the defendants, stockholders, without evidence. The record does not support the orders of the trial court. The issue of insolvency of Corbly and Rappeport was a matter lying at the bottom of any power of the court to approve a compromise of their liability found by the decree, yet no evidence was heard on that matter. The burden of proving insolvency rested upon Corbly and Rappeport, and, in the absence of consent of plaintiffs, it was incumbent upon petitioners to substantiate the allegations of the petitions by proof. This is elemental. (*Hooper* v. *Talbot,* 343 Ill. 590; *Abhau* v. *Grassie,* 262 id. 636.) A judgment entered without a hearing of the basic issues of fact is in reality only an arbitrary declaration of the judge, having no reference to the liability involved, and this is true though it purports to be a judicial determination of those rights. In the Rappeport matter, as we have seen, there was not even an allegation of Rappeport's insolvency, though such allegation is essential to bring the petition within the provisions of the Banking act here under consideration. (*Day* v. *Talcott,* 361 Ill. 437.) Nor does the fact that a decree had been entered against Corbly and Rappeport aid appellees. The money decree against Corbly and Rappeport was quite as much a property right of the creditors as the original contract of the stockholders to pay the liabilities of the

bank. The decree afforded appropriate means of enforcing those contractual obligations, (*Worthen Co.* v. *Thomas,* 292 U. S. 426, 78 L. ed. 1344,) and even though it be held that this clause of section 11 of the Banking act is a constitutional enactment, yet appellants had a right to a judicial hearing before their rights arising under the decree were modified.

Since it is clear there is no basis in the record for the orders of the superior court, it becomes unnecessary to pass upon the constitutional question involved.

The orders are reversed.

*Orders reversed.*