Fred F. Gardner et al., Appellants, v. Auburn Park Trust and Savings Bank et al., Appellees.

Gen. No. 39,499.

Opinion filed December 15, 1937.

LEONARD & LEONARD and SEYFARTH & ATWOOD, of Chicago, for appellants; GORDON McLEISH LEONARD and DON H. McLUCAS, of counsel.

THOMAS G. DEERING, of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered in the superior court on October 23, 1936, changing and reducing the liability of certain stockholders of the Auburn Park Trust and Savings Bank, which was in the hands of a receiver, and whose liability as such stockholders had been determined and fixed by orders entered respectively on December 21, 1934 and January 13, 1936.

The action in which their liability had been fixed was a representative suit instituted in the superior court for the benefit of all the creditors of the Auburn Park Trust and Savings Bank against the stockholders of said bank to enforce their superadded constitutional liabilities under sec. 6 of art. XI of the Constitution of the State of Illinois. A default decree was entered in said cause against certain of such stockholders on December 21, 1934, and as to the remaining stockholders the matter was referred to a master in chancery who heard the evidence relative to the liability of the remaining stockholders and made a report to the court and on January 13, 1936, a final decree based on said master's report was entered against the remaining defendant stockholders adjudicating the liabilities of the stockholders of said bank to its creditors. It is from a subsequent order entered October 23, 1936, that this appeal is perfected.

The order entered October 23, 1936, authorized and directed the receiver to collect stockholders' liabilities herein, to accept from any defendant stockholder of the Auburn Park Trust and Savings Bank 70 per cent

of the principal amount of his decreed liability at any time within 120 days, 72½ per cent at any time within 6 months from and after 120 days and 75 per cent at any time within 1 year from and after 120 days, in full settlement, satisfaction and discharge of the decreed liabilities of the defendant stockholders. The order from which this appeal was taken was entered upon the petition of certain defendants against whom the decree had theretofore fixed their liabilities. The order was entered over the objection of certain creditor plaintiffs and also the objections of the receiver appointed to collect stockholders' liabilities herein, and without the introduction of any evidence.

Plaintiffs' theory is that the court was without jurisdiction to alter or amend the decrees of December 21, 1934 and January 13, 1936, 30 days after their entry; that the order was erroneous in that it deprives creditors of their vested rights as established by said decrees; that there is no competent evidence to support said order and that there is no justification in the fact or law of the case for the entry of said order.

Defendants' theory is that the court had jurisdiction to alter and amend its decrees more than 30 days after the entry thereof based upon the ''broad equitable powers'' of the court.

It appears from the abstract before us that certain of the petitioners were desirous that a reduction be made in the amounts they were to pay as ordered by the decree of December 21, 1934, and the decree entered January 13, 1936, and appealed from the order fixing their liability and that the same is now pending in the Supreme Court. The pending of such appeal and the uncertainty regarding the same is one of the reasons, petitioners allege, why the trial court should enter into a compromise with them for the purpose of settling the litigation.

It further appears that a payment of 17½ per cent had been made to the creditors of this bank from various sums that had been paid either voluntarily or collected by the receiver.

In answer to the petition for a reduction of the assessment, the plaintiffs appellants point out that said petition did not offer to pay any part of the costs assessed or interest accrued upon said decrees; that said petitioners were highly solvent and that none of said petitioners had asserted an inability to pay as directed in said decree theretofore entered; that the petitioners made no affirmative undertaking to pay the amount proposed in compromise.

The power under the statute relating to the compromise of liability is expressed in the Illinois Banking Act, Ill. State Bar Stats. 1935, ch. 16a, ¶ 11; Jones Ill. Stats. Ann. 10.11, which reads in part as follows: "Said receiver shall have authority upon the order of the court appointing him to employ such auditors and assistants as may be necessary to establish and recover the liabilities of the stockholders, and *may*, with the approval of the court, enter into compositions with insolvent stockholders, if any."

There was no allegation of insolvency made by the petitioning stockholders wherein they asked to compromise their liability. The receiver did not petition the court to compromise the liability, in fact, he objected to it. The petitioners admit that the decrees of the court of December 21, 1934, and January 13, 1936, fixing their liability were final orders as evidenced by their action in praying and perfecting an appeal to the Supreme Court.

Counsel for appellees suggests that the court entered the order because the court was of the opinion that the many years' delay in collecting the assets could be speeded up and that it would be better that the creditors receive their money at this time, even.

though it would be for a lesser sum than that to which they were entitled under the law, rather than wait for several years to receive a larger payment and that the court was able to do this under the "broad equity powers" of the court.

As before stated, the record in this case discloses that no allegation as to the insolvency of these petitioning stockholders was filed in this case. No notice was given to the remaining stockholders or creditors who would be affected by this decree and no sworn evidence was heard to prove any of the allegations of the petition.

In the recent case of *Burket v. Reliance Bank & Trust Co.,* 367 Ill. 196, wherein the facts are almost identical with the facts in the instant case, the court at page 201, said: "The suit to establish the liability of the individual stockholder is a suit of the creditors and theirs alone, and they have a right to pursue their own remedies in regard to their own individual property. After the liability of each individual stockholder is established by a decree entered in the suit, the money which is collected belongs to the creditors. (*Golden v. Cervenka,* 278 Ill. 409.) The stockholders' liability is not one to the bank but to the creditors and the creditors, either alone or by representative suit, are the only ones who can enforce the liability by such remedies as the law affords. (*Golden v. Cervenka, supra; Wincock v. Turpin,* 96 Ill. 135; *Runner v. Dwiggins,* 147 Ind. 238; 46 N. E. 580; *Colton v. Mayer,* 90 Md. 711.) Regardless of whether the clause here under consideration grants to the receiver and courts power to control the property rights of the individual creditors which transcends constitutional limitations, it is evident that any proceeding by which approval of an official act is sought, contemplates notice to the parties in interest, a hearing of evidence and a determination of the essential facts upon which the exercise

of the power rests. These are essential to due process
of law. Here nothing of that sort was done. In the
Rappeport matter the petition contained no allegation
that the petitioner was insolvent. No attempt was
made to determine that question and no hearing was
had. While in the Corbly petition there was an allega-
tion of insolvency, the petition was not under oath and
a verified answer of the plaintiffs thereto, calling for
strict proof of the fact of the insolvency of Corbly,
was filed. Yet, in this condition of the record, the
court entered the orders complained of without re-
quiring the production of any evidence or the testi-
mony of any witness to justify a finding of fact that
either of the petitioners was insolvent.

"Due process contemplates, as an essential, not
only notice but an opportunity to be heard and to give
evidence. It is of no avail if one be summoned to a
court and the issues determined against him without
the hearing and determination of questions of fact.
(*Hultberg v. Anderson,* 252 Ill. 607; *Fayerweather v.
Ritch,* 195 U. S. 276, 49 L. ed. 193.) Here the orders
were entered on the petitions of the defendants, stock-
holders, without evidence. The record does not sup-
port the orders of the trial court. The issue of insol-
vency of Corbly and Rappeport was a matter lying
at the bottom of any power of the court to approve a
compromise of their liability found by the decree, yet
no evidence was heard on that matter. The burden
of proving insolvency rested upon Corbly and Rappe-
port, and, in the absence of consent of plaintiffs, it
was incumbent upon petitioners to substantiate the
allegations of the petitions by proof. This is ele-
mental. (*Hooper v. Talbot,* 343 Ill. 590; *Abhau v.
Grassie,* 262 id. 636.) A judgment entered without a
hearing of the basic issues of fact is in reality only
an arbitrary declaration of the judge, having no refer-

ence to the liability involved, and this is true though it purports to be a judicial determination of those rights. In the Rappeport matter, as we have seen, there was not even an allegation of Rappeport's insolvency, though such allegation is essential to bring the petition within the provisions of the Banking act here under consideration. (*Day v. Talcott,* 361 Ill. 437.) Nor does the fact that a decree had been entered against Corbly and Rappeport aid appellees. The money decree against Corbly and Rappeport was quite as much a property right of the creditors as the original contract of the stockholders to pay the liabilities of the bank. The decree afforded appropriate means of enforcing those contractual obligations, (*Worthen Co. v. Thomas,* 292 U. S. 426, 78 L. ed. 1344,) and even though it be held that this clause of section 11 of the Banking act is a constitutional enactment, yet appellants had a right to a judicial hearing before their rights arising under the decree were modified.''

Evidently the court in the instant case was desirous of bringing to a close, litigation which had been pending for years and was also attempting to benefit the creditors of this bank by expediting payment from the stockholders under the double liability clause of the constitution, thereby permitting an early distribution of the money due such creditors, even though the amount to be paid would be somewhat less than that to which they were entitled under the law. However, this cannot be done in contravention of the rights of the creditors and without notice and hearing of evidence, regardless of how desirable the result to be obtained might be. The court had no power to change its former decrees, except upon proper allegations, notice to all concerned and sworn evidence in court.

We do not think it is necessary to pass upon the other points raised by appellant.

For the reasons herein given the order of October 23, 1936, reducing the amount of the liability of the petitioning stockholders, is hereby reversed.

*Order reversed.*

HEBEL, P. J., and HALL, J., concur.