STONY ISLAND CHURCH OF CHRIST et al., Plaintiffs-Appellees, v. JAMES D. STEPHENS et al., Defendants-Appellants.

First District (1st Division)   No. 77-191

Opinion filed November 7, 1977.—Rehearing denied December 12, 1977.

Mitchell, Hall, Jones & Black, P. C., of Chicago, for appellants.

Ward P. Fisher, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This action was brought by the Stony Island Church of Christ (Church) and its elders, Samuel Lee and Earnest N. Taylor, to remove James D. Stephens and Myrtle Stephens, his wife, (defendants), from the Church premises and to restrain alleged interference with Church property.

After lengthy litigation, the parties agreed upon arbitration. Ultimately an election was held among the members of the congregation but the trial court set aside the arbitration as to the election and a writ of assistance was ordered to remove defendants from the Church premises. Defendants have appealed.

In this court, defendants contend that the trial court did not have jurisdiction over the factional dispute; the court erred in entering the order vacating the award of the arbitrators as this was a judicial interference with religious affairs and because the trial court lacked jurisdiction to review the award; defendants were deprived of their right to due process of law for a variety of procedural reasons and defendants are entitled to sanctions against plaintiffs for misrepresentations made by plaintiffs to this court.

Plaintiffs respond that the appeal as to certain orders entered by the trial court was properly dismissed by this court; the record supports the actions taken by the trial court which are presumably valid; defendants have failed to show error in the proceedings; and the points urged by defendants were never presented to the trial court.

In our opinion this appeal is unique as regards presentation of the trial record in various bits and fragments and also in the excessive number of motions filed by the litigants in this court. We will attempt to tread our path through the resulting maze.

In August of 1972, defendant James D. Stephens was engaged by verbal arrangement to serve as evangelist or minister of the Church. His wife, Myrtle, served as secretary. They occupied the Church parsonage as their home. On December 8, 1974, their services were terminated, effective December 15, 1974. This was done by written notices signed by the Church elders. It appears from plaintiffs' original complaint, filed December 31, 1974, and amended complaint filed January 21, 1975, that the Church was governed by a minimum of two elders. This was not done by formal bylaws but as a matter of custom and usage. Plaintiffs alleged that the services of defendants were terminated after defendants attempted to take control of the Church. In this court, defendants claim to have filed a motion to dismiss the complaint. Apparently no answer to the complaint or amended complaint was ever filed by defendants. The record, or records, before us fail to show if the motion to dismiss was ever heard or disposed of.

On January 22, 1975, the trial court entered a detailed and lengthy agreed order. The dispute was submitted to arbitration. The order set out the procedure for arbitration and the issues to be determined. Apparently the arbitrators submitted an award, some "guidelines," a clarification of the award, an "opinion," and a "decision of election arbitrator." The records presented to us do not directly reflect the dates of filing these matters before the trial court. It does appear that the trial court entered an order on April 30, 1975, returning the matter to the American Arbitration Association "for clarification" and an order on July 3, 1975, confirming the award. It also appears that on August 10, 1976, the American Arbitration Association wrote a letter to the attorneys of record acknowledging

receipt on August 10, 1976, of a letter from the "Election Arbitrator" dated August 9, 1976. The Association letter added, "As this matter now stands the Association must consider it closed."

On August 30, 1976, plaintiffs filed a "petition to vacate, modify or correct awards, decisions and orders." On October 14, 1976, defendants filed an answer to this petition. On November 18, 1976, the trial court entered an order which vacated the award of the election arbitrator, and the election and "all awards and orders pertaining to said election * * *." The court declared "that said election is a nullity." The court ordered that elders Earnest N. Taylor and Samuel Lee (plaintiffs) should select an elder to replace elder Taylor who was retiring. The order further recited: "It is further ordered that this is a final order and there is no just cause for delay of appeal, if any."

On January 20, 1977, on motion and petition of plaintiffs, the trial court entered an order for writ of assistance to remove defendants from "the church premises." The order provided that "all other pending matters be dismissed." The order further provided "that this order be an amendment to the order of November 18, 1976, and that said order as amended hereby, be final and appealable from this date."

On February 3, 1977, defendants filed a petition to stay the writ of assistance. The petition pointed out that defendants wished to continue to occupy the Church parsonage at 1737 East 86th Street, Chicago, their living quarters, upon payment to plaintiffs of the amount of mortgage payments and insurance premiums accruing during their possession. On February 3, 1977, the trial court entered an order for a writ of assistance against defendants for possession of the Church premises outside of the parsonage. All pending motions were continued to February 8, 1977.

On February 8, 1977, defendants filed a motion to vacate the orders of November 18, 1976, and January 20, 1977. On February 8, 1977, the court denied the motion to vacate and directed a writ of assistance to issue in 14 days for possession of the parsonage. On February 9, 1977, defendants filed notice of appeal from the orders of November 18, 1976, January 20, 1977 and February 8, 1977.

On February 17, 1977, this court, on our own motion, dismissed the appeal insofar as it pertained to the order of November 18, 1976. Defendants' brief in this court is devoted in great part to an argument upon the order of November 18, 1976.

On August 24, 1977, after defendants' brief had been filed, defendants filed a motion to "reinstate" their appeal from the order of November 18, 1976. This motion alleged that on November 24, 1976, former counsel for defendants filed a "timely" notice of appeal from the order of November 18, 1976. A photocopy of a purported notice of appeal dated November 23, 1976, is appended to the motion. Said purported notice of appeal

bears no filing marks and is not certified by the clerk of the circuit court. No such document is contained in the certified record filed herein on April 13, 1977, or in the various short records before us. On August 29, 1977, we denied the motion of defendants to reinstate the appeal from the order of November 18, 1976.

■■ As above shown, the order of November 18, 1976, set aside the arbitration awards pertaining to the election and confirmed the authority of plaintiffs Samuel Lee and Earnest N. Taylor as elders of the Church. They had previously terminated the services of both defendants James D. Stephens and Myrtle Stephens. This order thus disposed of the litigation except for the possessory rights of defendants in the Church property. Although it is not the most admirable specimen of legal draftsmanship, the order of November 18, 1976, substantially complied with Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)) and was therefore final for purposes of appeal. The defendants' petition to vacate the order of November 18, 1976, was not filed until February 8, 1977, and notice of appeal was not filed until February 9, 1977. Therefore this court had no jurisdiction to consider the validity of the order of November 18, 1976. The same situation existed in *Kaiser-Ducett Corp. v. Housewrights, Inc.* (1977), 48 Ill. App. 3d 589, 593, 363 N.E.2d 97, which cites the closely similar case of *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 273 N.E.2d 403.

■■ The subsequent trial court order of January 20, 1977, was "totally ineffective" to extend the time for filing defendants' notice of appeal from the order of November 18, 1976. *W. B. Cohan Corp. v. City Properties Corp.* (1977), 49 Ill. App. 3d 300, 303-04, 364 N.E.2d 303.

We reject defendants' argument that the order of November 18, 1976, was void for two reasons and therefore subject to collateral attack at any time.

■■ First, the principal cases cited in defendants' brief regarding judicial interference in religious disputes are considered in *Pfeifer v. Christian Science Committee on Publications* (1975), 31 Ill. App. 3d 845, 334 N.E.2d 876. It is true that courts "will not venture into the quagmire of dogma." (31 Ill. App. 3d 845, 849.) However, this record presents a secular, contractual issue between the Church and defendants as regards termination of defendants' services and their right to possession of the parsonage. No element of religion is involved here. See *Kelley v. Riverside Boulevard Independent Church of God* (1976), 44 Ill. App. 3d 673, 358 N.E.2d 696, *appeal denied* (1977), 65 Ill. 2d 582.

■■ Second, the issue of jurisdiction of the trial court to vacate the award was never raised in the trial court by defendants. The pertinent statute empowers the court to vacate an award for specified reasons. (Ill. Rev. Stat. 1975, ch. 10, par. 112.) Thus the matter of vacation of the

arbitration award became a justiciable issue over which the circuit court had jurisdiction. (See Ill. Const. 1970, art. VI, §9; *People v. Gilmore* (1976), 63 Ill. 2d 23, 26, 344 N.E.2d 456; *Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 295, 326 N.E.2d 545, *appeal denied* (1975), 60 Ill. 2d 595.) Therefore the order vacating the award may or may not have been erroneous but it was not void for lack of jurisdiction. (See *Kaiser-Ducett*, 48 Ill. App. 3d 589, 592-93.) The lack of jurisdiction is in this court, as shown above.

Our previous dismissal of defendants' appeal from the order of November 18, 1976, and our denial of the motion to reconsider this order are hereby confirmed.

■■■ We turn next to the two remaining orders appealed from: the order of January 20, 1977, for issuance of a writ of assistance pertaining to the Church property, and the order of February 8, 1977, which denied the motion of defendants to vacate the orders previously entered on November 18, 1976, and on January 20, 1977, and which directed a writ of assistance covering the parsonage. The motion of February 8, 1977, to vacate the order of November 18, 1976, filed more than 30 days after the entry of that order must necessarily be considered as a motion under section 72 of the Civil Practice Act. (*Coronet Insurance Co. v. Jones* (1977), 45 Ill. App. 3d 232, 235-36, 359 N.E.2d 768, and cases there cited.) The motion makes no showing of diligence to justify the delay by defendants. It was therefore defective in this regard. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

The next problem is the issuance of a writ of assistance for possession of the Church parsonage. Defendants' brief first raises the issue of jurisdiction of the court over religious disputes. As shown, this issue between the parties is purely secular, involving possession of living quarters in the parsonage and no element of a religious dispute is present here.

Defendants next urge that the trial court entered the order for a writ of assistance without hearing evidence. We have examined the entire fragmented record before us and we cannot find any indication of a desire by defendants to offer evidence on the right to possession of the parsonage property. Thus we cannot determine if witnesses were ever called or tendered by defendants and if any offer of proof was ever made. Defendants apparently were content to permit the cause to continue to final judgment both on their status as employees and on their right to possession of the parsonage without filing an answer and without offering proof in addition to the testimony they had presented before the arbitrators. Defendants further urge that the trial court "should have required the defendants to answer * * *. The Court's failure to do so prevented the defense from joining issue * * *." We need cite no authority for the principle that defendants' right to file a timely answer

did not depend upon the prior direction or consent of the trial court.

In this regard the situation before us is far different from *Gorin v. McFarland* (1967), 80 Ill. App. 2d 398, 224 N.E.2d 615, cited by defendants. In that case, defendants were "begging to be heard * * *" and were never "accorded an opportunity to plead or offer evidence." (80 Ill. App. 2d 398, 408.) Similarly in *Burket v. Reliance Bank & Trust Co.* (1937), 367 Ill. 196, 11 N.E.2d 6, the trial court approved a compromise settlement of bank stockholders' liabilities where the issue was insolvency of the stockholders. Creditors of the defunct bank filed answers denying insolvency. (367 Ill. 196, 198.) The trial court approved the compromises without hearing evidence of any kind.

■■ We note also the absence of any legally proper report of proceedings in the records before us. The short record, authenticated by the present attorney for defendants, filed February 9, 1977, contains stenographic reports from hearings held November 18, 1976, and January 20, 1977. Defendants were represented in both instances by an attorney other than their present counsel. Both of these reports are photocopies and neither one even purports to reflect a certification by the trial judge or the date upon which they were filed, if they ever were. (Ill. Rev.Stat. 1975, ch. 110A, par. 323(b).) We cannot accept these documents as proper reports of proceedings. It was the duty of defendants as appellants properly to preserve the record so that we could ascertain if evidence was in fact heard or offered. Absent a proper record, it is our duty to affirm the judgment appealed from. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550; see also *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 342 N.E.2d 748.

Defendants next urge that the trial court made no findings of fact or conclusions of law in its orders. Orders of the circuit court need not include findings of fact or conclusions of law. (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(i); *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1022, 327 N.E.2d 346.) On the contrary, we are obliged to extend all reasonable presumptions in favor of the judgment or order appealed from. *Hogan v. Braudon* (1976), 40 Ill. App. 3d 352, 355, 352 N.E.2d 303, *appeal denied* (1976), 64 Ill. 2d 596; *Martin v. Orvis Brothers & Co.* (1974), 25 Ill. App. 3d 238, 251, 323 N.E.2d 73; *Atlee Electric Co. v. Johnson Construction Co.* (1973), 14 Ill. App. 3d 716, 726, 303 N.E.2d 192.

Alternatively, defendants' repeated emphasis on an alleged lack of evidence to support the writ of assistance completely overlooks the content and legal effect of the arbitration conducted according to the agreed order of January 22, 1975. The arbitration award of April 24, 1975, was preceded by the presentation of evidence by the parties. Based on this testimony, the arbitrators specifically found, in pertinent part, that elders Lee and Taylor had sole authority to terminate defendants and

defendants had been properly terminated according to established procedures. As above shown, the award, including the above findings, was confirmed by the trial court on July 3, 1975. According to the undenied allegations of the complaint as amended, the terms of defendants' employment contracts, apparently verbal, included both salary and living accommodations.

■■ In Illinois, parties to arbitration proceedings are bound by the decision of the arbitrators made within the scope of the written submission to arbitration. (*Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 239-40, 356 N.E.2d 1012, *cert. denied,* ___ U.S. ___, 54 L. Ed. 2d 99, 98 S. Ct. 127.) In the instant case, defendants made no attempt to vacate the award as to the employment termination issues. Neither party sought review of the award in this regard and, the award was confirmed by the court. The order of November 18, 1976, set aside only the report of the election arbitrator. Further, a writ of assistance is generally used by a court to implement a judgment determining the right to possession of realty. *Walsh v. Superior Oil Co.* (1964), 50 Ill. App. 2d 40, 51, 199 N.E.2d 428, *appeal denied* (1964), 30 Ill. 2d 627.

■■ We conclude that the findings by the arbitrators were, by the terms of the award, based on evidence and support the issuance of the writ of assistance. Defendants' right to possession of the Church properties necessarily depended on the continuance of the employment relationship, absent allegation or proof of any form of tenancy otherwise creating a right of possession in defendants. The award of the arbitrators as confirmed by the trial court, was in effect a conclusive adjudication of the issues of defendants' termination and, it follows, of defendants' right to possession of Church property. Under these circumstances, the writ was properly supported by the award of April 24, 1975.

We similarly reject defendants' argument that they were not afforded a full hearing before a single judge. The record shows that the order of November 18, 1976, was entered by Honorable Daniel Covelli, judge of the circuit court. After the retirement of Judge Covelli subsequnt matters were heard and decided by Honorable George J. Schaller. Defendants' contention that "it was humanly impossible for Judge Schaller to have had a complete understanding" of the issues before him is not borne out by the record. No suggestion of this kind was ever made before Judge Schaller or before any other judge so far as the record indicates. No motion for change of venue was ever made.

The final contention of defendants is to the effect that their motion to dismiss the amended complaint was pending and never withdrawn. Neither the short record, filed in this court February 9, 1977, nor the record filed April 13, 1977, include the purported motion to dismiss. On June 24, 1977, the parties filed a "Stipulation" that the record "be

amended without certification by the trial judge, by adding thereto as a Supplemental Record * * *" materials including the alleged motion to dismiss. The document labelled "Motion to Dismiss the Complaint" includes no markings of the clerk of the circuit court to show that it was filed in that court. On August 9, 1977, plaintiffs moved to withdraw the stipulation as to the alleged motion to dismiss, claiming the stipulation had been inadvertent and alleging in part that the document included in the stipulation was not an original, it contained illegible pages and "did not bear any indication that said document had ever been filed [in the trial court]." We took this motion with the appeal. We conclude that plaintiffs' objections to the stipulation are well taken. The motion to withdraw from the stipulation is allowed. In the absence of a proper stipulation by the parties or presentation of a properly certified copy of a motion to dismiss, that document is not part of the record in this appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 329) and need not be considered further.

Even assuming the motion to dismiss to be properly before us, here, there is no indication that the motion was ever directed to the attention of any of the judges of the circuit court who heard this case. The rules of the circuit court of Cook County provide that it was the duty of defendants to bring their motion to dismiss on for hearing. There is no indication before us that any judge of the circuit court ever denied defendants a hearing on their motion. Since defendants failed to call their motion for hearing within 90 days from the date it was filed, if the matter had been called to the attention of the trial court, an order would presumably have been entered overruling or denying the motion by reason of the delay. (Rule No. 2.3 of the circuit court of Cook County, effective July 1, 1976.) We find no error in the last of these two orders appealed from and the orders of January 20, 1977, and February 8, 1977, are accordingly affirmed.

A number of loose ends now require consideration. By orders entered February 17, 1977, and February 23, 1977, this court stayed the writ of assistance pertaining to the parsonage premises. Upon consideration of written suggestions by both sides, we conditioned the stay upon deposit by defendants with the clerk of the circuit court of $350 per month commencing March 1, 1977, until further order of this court "representing payment for use and occupancy of the parsonage premises." This matter and the various motions subsequently filed by the parties and taken with the case are disposed of as follows:

(1) The motion of defendants to reduce the monthly deposits for use and occupancy of the parsonage to $150 is denied.

(2) The motion of defendants for a refund of $600 from sums thus previously deposited is denied.

(3) The alternative motion of defendants to require plaintiffs to pay certain utility expense pertaining to the parsonage is denied.

(4) The motions of plaintiffs and defendants each for allowance of expenses and reasonable attorneys' fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41), are both denied.

(5) The motion of plaintiffs to enjoin defendants from use of the name of the Church and from incurring liabilities in the name of the Church is denied.

We will add that the amount fixed to be paid by defendants to plaintiffs for use and occupancy of the parsonage was intended to constitute some security to plaintiffs pending disposition of the within appeal. We direct that said payments continue until defendants have relinquished possession of the parsonage to plaintiffs.

The appeal is accordingly dismissed as regards the trial court order of November 18, 1976. The remaining orders entered January 20, 1977, and February 8, 1977, are affirmed. The writ of assistance is to issue upon the filing of the mandate of this court directed to the circuit court.

Dismissed in part, affirmed in part.

McGLOON and O'CONNOR, JJ., concur.