THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHARON L. GRIEVE, a minor, *et al.,* Defendants-Appellants.

(No. 70-186; )

Fifth District—February 16, 1971.

William Hotto, of Fairview Heights, for appellants.

PER CURIAM:

On January 28, 1971 this court entered the following order in this case at the conclusion of oral arguments:

"This cause having been heard and considered, and pending motions having been considered, and this cause being ready for opinion, it is the holding of this court, as will be expressed in opinion to be filed, that there is insufficient evidence of inability or lack of fitness of the father, Robert L. Grieve, to care for and control said minor and that the dispositional order herein is reversed, and this cause is remanded with directions to place the physical custody of the minor, Sharon L. Grieve, in her father, Robert L. Grieve, and that she forthwith be returned by the Circuit Court of Madison County, Illinois to the State of Illinois. Further dispositional hearings by the Circuit Court of Madison County in this matter are not barred by this holding.

It is anticipated the opinion will be filed within the next two weeks, and the time for filing a Petition for Rehearing, or Petition for Leave to Appeal to the Supreme Court will commence to run upon the filing of such opinion."

OPINION

Robert L. Grieve, father of Sharon L. Grieve, a minor, appeals from a dispositional order of the Circuit Court of Madison County, Illinois, where-

in the chief probation officer of that court was appointed guardian of Sharon with the right to place her in a custodial institution located at Fort Thomas, Kentucky.

On October 7, 1970 an adjudicatory order was entered pursuant to Chapter 37, Section 704-8, Illinois Revised Statutes, 1969, finding Sharon Grieve, a minor of the age of fifteen years, to be a "minor otherwise in need of supervision" as defined in Chapter 37, Section 702—3, Illinois Revised Statutes, 1967, finding her to be a ward of the court, and awarding her custody to the chief probation officer of Madison County pending a dispositional hearing to be held pursuant to Chapter 37, Section 705—7 of Illinois Revised Statutes, 1969. No appeal was taken from the adjudicatory order.

On October 21, 1970 a dispositional hearing was held and the court ordered the child placed in the custody of the Madison County Probation Officer with power to place her in an institution in Fort Thomas, Kentucky.

The minor defendant in these juvenile proceedings at the time of the occurrence in question was fifteen years of age. Her natural parents were divorced six years ago. The mother, Shirley Carriger, was given custody of the children. Sharon has three brothers and a sister. The natural father has paid child support as required by the court.

Both parents have remarried. The mother lives in Bethalto, Illinois, and the father resides in Madison, Illinois, approximately twenty miles distant. Each parent lives in an attractive home with adequate facilities. Each parent is respectable and law-abiding. The parents are shown to be well-intentioned regarding Sharon's welfare. Both have demonstrated interest and concern for Sharon.

The evidence conclusively showed, and the mother admits, that although willing, she is unable because of her physical condition and because of Sharon's strong will to properly supervise Sharon. Also, she did not believe that Sharon's father could properly supervise Sharon. The probation office of Madison County concurred in the mother's opinion, but there was no evidence in the record to prove that Sharon's father was unable or unwilling to properly supervise her. In fact, Sharon had lived with her father and stepmother for an eighteen month period since the divorce and the record shows the father furnished adequate supervision during that time.

Chapter 37, Section 705—7, Par. (1), Illinois Revised Statutes, 1969, provides in part:

"(1) If the court finds that the parents, guardian or legal custodian of a minor adjudged a ward of the court are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train, discipline the minor or are unwilling to do so, and that it is in the best

interest of the minor to take him from the custody of his parents, guardian or custodian, the court may * * *"

Appellant contends that since the record conclusively demonstrates that he is able and willing to care for Sharon, the trial court erred in allowing the guardian to place custody in anyone other than himself.

Since there was no evidence whatsoever in the record to show that the appellant was unable to care for and discipline his minor child, the dispostional order was in error.

Reversed and remanded.