COMMERCIAL NATIONAL BANK, Plaintiff and Counterdefendant, *v.* ROBERT NEWTSON, Defendant and Third-Party Plaintiff-Appellant.—(JIM McCOMB CHEVROLET, INC., Third-Party Defendant-Appellee.)

Third District   No. 75-339

Opinion filed June 11, 1976.

Jerard Serritella, of Peoria, for appellant.

Swain, Johnson & Gard, and Vonachen, Cation, Lawless, Trager & Slevin, both of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In October, 1971, Robert Newtson agreed to purchase a new automobile from Manning-McComb Chevrolet, Inc., and signed a retail installment contract, allegedly in blank, which Manning-McComb filled in and assigned to the Commercial National Bank of Peoria. Newtson refused to honor the contract because of a dispute concerning the terms of the agreement. The Commercial National Bank repossessed the car and filed a suit against Newtson to collect on the contract. Newtson's second amended third-party complaint was filed in 1975 against Jim McComb, Inc., the corporation which was then operating the Chevrolet dealership formerly operated by Manning-McComb.

In April, 1972, Jim McComb, Inc., was organized as a new corporation and purchased most, but not all of the assets of the old corporation, and assumed none of the liabilities. Shares in the old corporation were held by Manning (75%) and McComb (25%) while the shares of the new corporation were owned by General Motors Holding Co. (60%) and McComb (40%).

The Circuit Court of Peoria County entered a summary judgment in favor of Jim McComb, Inc., and against Newtson, from which Newtson appeals.

The facts are not disputed, and the only issue on appeal is whether, under the law of Illinois, Jim McComb, Inc., is a reincarnation of Manning-McComb, Inc., and as such is liable for the debts of its predecessor.

Newtson relies solely upon *Kraft v. Garfield Park Community Hospital* (1st Dist. 1938), 296 Ill. App. 613, 16 N.E.2d 936, where a new not-for-profit hospital corporation was organized by the shareholders of the old corporation, which had been organized for profit. All of the property of the old corporation was transferred to the new firm, and operation of the hospital continued under the same management. A suit was brought to impose liability on the new corporation for bonds issued by the old corporation. The new corporation was held liable, and the transactions between corporations were found comparable to a merger rather than a sale.

The case before us presents a different fact situation than *Kraft*. A new owner joined with McComb to organize Jim McComb, Inc., and some but not all of the assets of the old corporation were purchased. Manning-McComb retained assets valued in excess of $200,000 and apparently continued in existence for a time after notifying all known creditors as required by section 6—106 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 6—106). There is no indication in the record that the sale of assets to Jim McComb, Inc., was for anything other than a fair consideration.

■■ The applicable principle was set out in *Alexander v. State Savings Bank & Trust Co.* (1st Dist. 1935), 281 Ill. App. 88, 96, as follows:

" 'The general rule, which is well settled, is that where one company sells or otherwise transfers all its assets to another company, the latter is not liable for the debts and liabilities of the transferor. The purchasing or transferee company, that is to say, is not liable on the other company's obligations merely by reason of its succession to such company's property. To render it liable there must be an agreement express or implied, to assume the other company's debts and obligations.' "

■■ Under the facts of record, Jim McComb, Inc., is not a continuation or reincarnation of Manning-McComb, and is not responsible for the liabilities of the former corporation in the absence of an agreement to assume the debts and obligations of Manning-McComb. *Buis v. Peabody Coal Co.* (3d Dist. 1963), 41 Ill. App. 2d 317, 190 N.E.2d 307; 19 Am. Jur. 2d *Corporations* §1546 (1965).

We note that, under section 94 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.94), any cause of action which Newtson may have had against Manning McComb survived for two years after the date of dissolution. Having apparently failed to pursue his remedy against Manning-McComb, he cannot now seek to recover from the new corporation. The trial court was correct in granting summary judgment in favor of Jim McComb, Inc.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.