W. B. COHAN CORP. *et al.*, Plaintiffs-Appellants, *v.* CITY PROPERTIES CORP., Defendant-Appellee.

First District (1st Division)   No. 76-1199

Opinion filed May 16, 1977.

Blumenfeld & Blumenfeld and James D. Goodman, both of Chicago, for appellants.

Foos, Meyers and Jacobs, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

W. B. Cohan Corp. (plaintiff) appeals from a judgment entered in favor of City Properties Corp. (defendant) after a bench trial. Various complications in connection with the trial and appeal will be discussed in due course.

Plaintiff's complaint alleged that it had rendered construction services to the defendant for an agreed price of $10,000 of which the sum of $8000 remained due. Defendant filed a counterclaim alleging that plaintiff failed to supervise the work so that long delays were caused and defendant was obliged to expend large additional sums for labor and material. Defendant claimed damages of $15,000.

In an amended answer, defendant raised the issue of plaintiff's corporate existence. Discovery was had and the case was brought to trial. Defendant filed a motion for directed verdict and also a motion to dismiss. It appears from certified documents appended to the latter motion that plaintiff corporation failed to pay franchise taxes and failed to file annual reports so that a decree dissolving the corporation was entered on December 22, 1969.

The common law record shows that on April 8, 1976, the court ordered defendant's motion for directed verdict sustained. The same portion of the record also shows, "Will bring ORDER in regards to the motion and

status presented." On April 14, 1976, William B. Cohan, an individual, filed a petition alleging that on April 8, 1976, the court had dismissed the suit by the corporation. Cohan alleged that he was "alter ego" of the corporation and that he had performed all services under the contract. The petition prayed that he be substituted as party plaintiff and be granted leave to file an amended and supplemental complaint.

On April 30, 1976, a draft order was duly entered. This order found that the decree for dissolution had not been vacated and dismissed the complaint with prejudice pursuant to defendant's motion regarding dissolution of plaintiff's corporation. It also provided for dismissal of defendant's counterclaim, "the court finding no proper party defendant exists." (See Ill. Rev. Stat. 1975, ch. 32, pars. 157.94, 157.142; *Elsberry Equipment Co. v. Short* (1965), 63 Ill. App. 2d 336, 352, 211 N.E.2d 463, *appeal denied* (1966), 33 Ill. 2d 626. *Cf. Commercial National Bank v. Newston* (1976), 39 Ill. App. 3d 216, 218, 349 N.E.2d 138; *United States ex rel. Triangle Landscaping Corp. v. Home Insurance Co.* (N.D. Ill. 1975), 403 F. Supp. 320, 321.) The order then provided that the petition of W. B. Cohan to substitute himself as plaintiff "is hereby continued * * *" and Cohan and defendant were granted specified time for filing of briefs concerning Cohan's motion. Briefs were later filed in behalf of W. B. Cohan urging that he be substituted as party plaintiff and in behalf of defendant.

By draft order dated June 7, 1976, the court ordered that the petition of W. B. Cohan be denied. It also stated:

> "2. That this order and the order entered 7 May 1976 are appealable within (30) thirty days of this date; that this order [sic] final and appealable order."

On June 30, 1976, plaintiff filed a notice of appeal. Plaintiff and William B. Cohan joined in the notice of appeal from the order of June 7, 1976, and from the order of April 30, 1976. The notice of appeal makes no mention of the order of April 8, 1976, appearing in the common law record.

After the briefs had been filed in this court, defendant made a motion to dismiss the appeal under Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)), for tardy filing of the notice of appeal. Plaintiff has responded to the motion urging that because of "a clerical error * * *" the order of June 7, 1976, erroneously described the previous order as having been entered May 7, 1976, in lieu of the correct date of April 30, 1976. Plaintiff urges that the order dismissing the cause actually took effect on April 30, 1976, and that a request for delay in filing its brief made by defendant within 30 days thereafter "estopped" defendant from relying upon the late filing of the notice of appeal. We have taken the motion with the case.

■■ We are in accord with plaintiff's contention that the order appearing in the common law record of April 8, 1976, should not be considered as the final dismissal order. The rather garbled language in the record is, in our opinion, sufficient to show that both parties and the court intended that the formal dismissal should be effected by means of a draft order. The draft order of April 30, 1976, was, in our opinion, a final and appealable order. The court not only dismissed the cause with prejudice but also specifically dismissed the counterclaim. (Compare *Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527.) In addition, the determination by the trial court that the sole plaintiff lacked the requisite capacity to bring the action terminated the suit. No plaintiff remained over whom the court could exercise jurisdiction. *Cf. Kaybill Corp. v. Cherne* (1974), 24 Ill. App. 3d 309, 314-15, 320 N.E.2d 598; *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 270, 175 N.E. 2d 287.

■■ The final portion added on to the order, as above quoted, was, in our opinion, a nullity. The individual, W. B. Cohan, was not a party to the suit and could not very well become a party after the suit had been dismissed by final order. "Parties can be dropped and new parties added only 'by order of the court.' (Ill. Rev. Stat. 1973, ch. 110, par. 26.)" (*Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 681, 320 N.E.2d 132, 134. See also Ill. Rev. Stat. 1975, ch. 110, par. 46(1).) After final dismissal of the cause, the trial court could proceed further therein only by vacating the order within 30 days (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)); by vacature after 30 days but not less than two years from the date of entry thereof (Ill. Rev. Stat. 1975, ch. 110, par. 72) or by a proper motion for rehearing or retrial filed within 30 days. (Ill. Rev. Stat. 1975, ch. 110, par. 68.3(1).) The trial court could have proceeded to consider the motion for leave to substitute or add a new party plaintiff only after vacation of the final dismissal order by one of these methods.

The case before us is quite close to *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 273 N.E.2d 403. There, a final judgment for dismissal was entered March 31. A motion to vacate the judgment was filed on April 21 and denied on April 24. On May 18, plaintiff filed a motion for leave to file an amended complaint. Briefs were filed by the parties but plaintiff did nothing to vacate the final judgment of March 31 until June 1, after 30 days had passed. The supreme court held that plaintiff could not by filing a notice of appeal within 30 days after denial of the tardy motion of June 1 seek review of the previous orders.

■■■ The attempt in the order of June 7, 1976, to grant plaintiff leave to file a notice of appeal within 30 days thereafter was totally ineffective. The time for filing notices of appeal is governed by the applicable rules of the supreme court. This time cannot be varied or altered by order of the

304

trial court in any individual case. Also, an attempted declaration by the trial court that the order is final and appealable is ineffective except as regards "a final judgment as to one or more but fewer than all of the parties or claims * * *." (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a).) Plaintiff cites no authority in support of the novel proposition that defendant might be estopped from raising this point. We are aware of no such authority. In fact, even if the issue of the jurisdiction of this court were not raised by defendant's motion to dismiss, we would be obliged to raise the point and to determine whether or not we have jurisdiction. (See *Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 325 N.E.2d 698.) We find that we have no jurisdiction and the appeal is accordingly dismissed.

Appeal dismissed.

McGLOON and BUA, JJ., concur.