JAMES E. MISKE, Plaintiff-Appellant, *v.* THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Defendant-Appellee.—*In re* K.M., a Minor.

Second District Nos. 82—140, 82—636 cons.

Opinion filed November 8, 1982.

H. Joseph Gitlin, of Gitlin & McNerney, of Woodstock, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Bernard Genis and Judith Mostovoy, Assistant Attorneys General, of counsel), for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

James E. Miske sought custody of his natural child after the circuit court of McHenry County took custody away from the child's mother on grounds of neglect. The trial court, however, awarded custody of the child to the Department of Children and Family Services (DCFS) without hearing any evidence against Miske or making any adjudication as to his fitness. Miske on appeal insists that the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—1 *et seq.*) requires the trial court to make findings against a noncustodial father before he can be denied custody of his natural child under the circumstances.

Miske and the child's mother were divorced in 1973. The divorce division awarded the mother custody of the child.

In April 1980, DCFS filed an action in juvenile division against the mother for physically abusing the child. Counsel represented Miske at those hearings, petitioned for custody and offered evidence on his behalf. That court heard no allegations or evidence against Miske and made no findings as to his fitness. The court entered a dispositional order granting custody to DCFS on a best-interests-of-the-child test. Miske did not appeal that order.

In August 1981, he brought *habeas corpus* proceedings alleging that his child was unlawfully detained by the order of juvenile division. Upon motion of DCFS, the trial court dismissed the action for lack of subject-matter jurisdiction. Miske appealed, the first of two appeals by Miske consolidated here for review.

In May 1982, Miske once again petitioned the juvenile court for custody of his child. This time, the court considered Miske a "custodial alternative." But again, the court heard no allegations or evi-

dence against Miske and made no adjudication as to his fitness. DCFS retained custody of the child. This court granted Miske permission to appeal the juvenile division's denial of his second petition for custody.

The only other procedural maneuver of relevance occurred in October 1981, when Miske returned to the divorce division and received a modification of the divorce judgment so as to award him custody over the mother. He never attempted to enforce that modification.

The issues presented for review are (1) whether the trial court had subject-matter jurisdiction to entertain the petition for *habeas corpus*, and (2) whether the juvenile division erred in awarding custody of the child to DCFS without making any findings against Miske.

The first issue is disposed of easily. A court has subject-matter jurisdiction to hear a writ of *habeas corpus* only where the original trial court lacks subject-matter jurisdiction or where its order was void and not merely voidable. *People ex rel. Lewis v. Frye* (1969), 42 Ill. 2d 311; *People v. Stewart* (1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179, *cert. denied* (1979), 441 U.S. 907, 60 L. Ed. 2d 376, 99 S. Ct. 1998; see also *Greco v. Chicago Foundlings Home* (1967), 38 Ill. 2d 289.

■ Miske challenges the juvenile-division order as being unlawful for failing to make the necessary findings against him. Such allegations do not make the juvenile-division order void. The failure to make necessary findings made the order merely voidable—a reviewable error. Miske properly raises that issue as reviewable error in the second appeal.

The Juvenile Court Act provides that its purpose is, in part, "to preserve and strengthen the minor's family ties whenever possible, removing him from the custody of his parents only when his welfare or safety or the protection of the public cannot be adequately safeguarded without removal ***." (Ill. Rev. Stat. 1981, ch. 37, par. 701—2(1).) That same section goes on to provide, however, that the "parents' right to the custody of their child shall not prevail when the court determines that it is contrary to the best interests of the child." Ill. Rev. Stat. 1981, ch. 37, par. 701—2(3)(c).

The statute, then, is much like many other child-custody statutes in Illinois in that it recognizes a delicate balance between the rights of natural parents and the best interests of the child. (See *In re Custody of Townsend* (1981), 86 Ill. 2d 502.) In that case, the supreme court reviewed numerous statutes and concluded that generally both the superior rights of natural parents and the best interests of the child must be considered in child-custody cases.

This court, under distinguishable facts, has recognized that balance in an action arising under the Juvenile Court Act. (See *In re*

*Powers* (1981), 94 Ill. App. 3d 646, 418 N.E.2d 1145.) The question remains, then, by what standards shall these interests be balanced.

One case, *In re Wheat* (1979), 68 Ill. App. 3d 471, 386 N.E.2d 278, would appear to resolve the issue at first glance. Except for one crucial fact, the case is on all fours with the present one.

In that case, the divorce court awarded custody of the child to the father. DCFS subsequently filed neglect proceedings against him. The mother sought custody, but the trial court found her unfit. The court then adjudicated the child a ward of the court. The mother appealed, contending among other things that either she was entitled to automatic custody or that the court first must find that she neglected the child before she could be denied custody.

The appellate court disagreed and affirmed. It analogized the case to the situation where a custodial parent dies. The court said in those cases custody "may be awarded to a third party if the surviving parent is found unfit *or* if such an award is in the child's best interest." (Emphasis added.) 68 Ill. App. 3d 471, 477, 386 N.E.2d 278, 283.

Applying those standards to the present case, no error is found in the juvenile division's order. That court found it was in the best interests of the child to be placed with DCFS—the second part of the *Wheat* test. The trial court was under no obligation to make any findings against Miske—the first part of the test—before proceeding to such a determination.

The fatal flaw in applying the *Wheat* case is that its reference to a best-interest test is *dicta* since the mother in that case was found to be unfit. More importantly, that *dicta* is of questionable accuracy.

If an analogy is to be made to the surviving-parent cases, then let the analogy be complete. Those cases do, indeed, hold that the surviving parent, even if fit, may be denied custody if the best interests of the child require. (*People ex rel. Edwards v. Livingston* (1969), 42 Ill. 2d 201.) Those cases also recognize, however, that the natural parent has a superior right to custody, although that right must yield to the child's best interests. (*Cebrzynski v. Cebrzynski* (1978), 63 Ill. App. 3d 66, 379 N.E.2d 713, *appeal denied* (1978), 71 Ill. 2d 617.) And absent a showing of unfitness (63 Ill. App. 3d 66, 71, 379 N.E.2d 713, 717), "compelling reason" (63 Ill. App. 3d 66, 72, 379 N.E.2d 713, 718), "good reason" (*Eaton v. Eaton* (1977), 50 Ill. App. 3d 306, 313, 365 N.E.2d 647, 653), or other such showing (see *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 510), the trial court will award custody of the child to the natural parent.

It is apparent that the juvenile division did nothing more than consider Miske a "custodial alternative." Such an approach is suspect

for two reasons.

First, it encourages a passive rather than an active examination of a parent's petition for custody. It allows the court merely to consider a parent, not actively determine whether sufficient evidence overcomes the superior right to custody.

Second, serious constitutional problems arise when the State (here DCFS) proposes to take away the child of a natural parent without the requisite due-process safeguards. In *In re Custody of Townsend* (1981), 86 Ill. 2d 502, 514, the supreme court acknowledged that "the interest of a parent in the care, custody and control of his or her child is fundamental and not to be ignored or facilely swept away in the face of a competing petition for custody filed by a third party."

■ Accordingly, this cause must be reversed and remanded in part to the circuit court of McHenry County. That court shall determine whether Miske's superior right to custody can be overcome by evidence that the best interests of his child require placement with a third party. This holding is limited to cases such as this where the noncustodial parent affirmatively petitions for custody. As previously indicated, we affirm the dismissal of the writ of *habeas corpus*.

Affirmed in part; reversed and remanded in part.

VAN DEUSEN and HOPF, JJ., concur.